United States District Court
Southern District of Texas
**ENTERED**
December 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE F.R.I. RANCH LIVING TRUST | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-24-4238 |
| GATEWAY FIRST BANK, CARRINGTON MORTGAGE SERVICES, LLC, AND SCOTT GESELL, | § § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court are Defendant Scott Gesell's Motion to Dismiss (Document No. 6), Defendant Gateway First Bank's Motion to Dismiss (Document No. 7), and Defendant Carrington Mortgage Services, LLC's Motion to Dismiss (Document No. 8). Having considered the Defendants' motions, submissions, and applicable law, the Court determines that each of the Defendants' motions should be granted.

### I. BACKGROUND

This is a real property foreclosure matter. *Pro se* Plaintiff The F.R.I. Ranch Living Trust ("The Trust") purports to be the owner of 907 Big Woods Road, New Waverly, Texas, 77358 (the "Property"). The Trust, a self-proclaimed sovereign

citizen, contends that Defendant Gateway First Bank ("Gateway"), Defendant Scott Gesell ("Gesell") as CEO of Gateway, and Defendant Carrington Mortgage Services LLC ("Carrington") "used fraudulent information related to the Plaintiff's property to place invalid liens and pursue unlawful debt collection actions."[1] Defendants contend that the original borrower and true owner of the Property, James Andrew Marr, purports to sue not in his individual capacity, but as trustee of a trust he allegedly transferred the mortgaged property to. Defendants contend that the Trust now asks this Court to cancel the debt Gateway extended to Mr. Marr, and to invalidate the lien on the property based on a sovereign citizen theory that the debt has been discharged by using certain words in various communications with the loan servicer.

Based on the foregoing, on October 3, 2024, The Trust filed suit *pro se* in San Jacinto County's 258th District Court alleging a variety of claims including: (1) breach of fiduciary duty; (2) negligent misrepresentation; (3) trespass to private property; (4) deceptive debt collection practices; (5) "unlawful coercion through threatening communication regarding VA benefits;" and (6) "identity theft linked to invalid liens and debt collections; and right to property violated."[2] On November, 1

---

[1] *Plaintiff's Petition*, Document No. 1, Exhibit 2-B at 19.

[2] *Plaintiff's Petition*, Document No. 1, Exhibit 2-B at 9–23.

2024, Defendants removed this matter to this Court based on diversity jurisdiction. On November 8, 2024, each Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point

of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss The Trust's causes of action, contending The Trust fail to state any claim upon which relief can be granted. Defendants contend dismissal is proper because each of The Trust's claims fail as a matter of law. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will consider, in turn, each claim Defendants contend should be dismissed.

*A. Breach of Fiduciary Duty*

The Trust's sole claim against Defendant Gesell is a breach-of-fiduciary claim against him as CEO of Gateway and Trustee of the Property under the Property's Deed of Trust. Gesell contends that The Trust's claim fails as a matter of law because Mr. Gesell did not owe a fiduciary duty to the original borrower Mr. Marr, or to The Trust.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). To prevail on a claim for breach of fiduciary duty, a plaintiff must establish: (1) the existence of a fiduciary relationship; (2) a breach of the

4

fiduciary duty; and (3) the breach resulted in injury to the plaintiff or benefit to the defendant. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007). In Texas, "a fiduciary relationship is an extraordinary one and will not lightly be created." *Castillo v. First City Bancorporation of Texas, Inc.*, 43 F.3d 953, 957 (5th Cir. 1994) (citing *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1143 (5th Cir.1992)). Absent a special relationship, any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort. *See Kovalchuk v. Wilmington Sav. Fund Soc'y*, No. 21-40281, 2021 WL 5119705 (5th Cir. Nov. 3, 2021). Texas law makes clear that a trustee owes "neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor." *FDIC v. Myers*, 955 F.2d 348, 350 (5th Cir. 1992))

Here, Gesell contends that no fiduciary exists between the borrower Marr, and the CEO of the Bank Mr. Gesell, because Texas law does not recognize a fiduciary duty between a borrower and a trustee under a deed of trust. Gesell further contends that The Trust alleges no facts demonstrating that The Trust incurred any injury, or that Gesell obtained any benefit from the alleged breach of fiduciary duty, two required elements of the breach of fiduciary duty claim. The Trust offers a conclusory rebuttal, stating its claims are "similarly supported by detailed factual allegations that demonstrate entitlement to relief under Texas law," yet fail to identify for the Court what the detailed factual allegations are. The Court construes

all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. Given the Fifth Circuit's guidance that a Plaintiff must provide enough facts to state a claim to relief that is plausible on its face, the Court finds that The Trust's breach of fiduciary duty claim should be dismissed. Accordingly, considering there are no other claims pending against Gesell, the Court finds that Defendant Gesell's motion to dismiss should be granted. The Court now addresses The Trust's various claims against Gateway and Carrington.

### B. Negligent Misrepresentation

The Trust asserts claims of negligent misrepresentation, contending that the serial number and model number in the Property's Deed of Trust and Affidavit of Affixation were made in error. To succeed on a negligent misrepresentation claim, a plaintiff must show: (1) the representation was made by a defendant in the course of his business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Here, Defendants argue that The Trust does not contend that the alleged misrepresentation was material. Defendants also contend

6

that The Trust does not allege facts showing any action or omission taken in reliance on the alleged misrepresentations. Defendants further contend that at the time of the Property's closing, the borrower, Mr. Marr, affirmed in writing at closing that the serial number and model number were correct. Finally, Defendants contend that The Trust fails to plead it suffered any damages stemming from the alleged misrepresentations. The Trust offers a conclusory rebuttal, stating its claims are "similarly supported by detailed factual allegations that demonstrate entitlement to relief under Texas law," yet fail to identify for the Court what the detailed factual allegations are. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts provided by The Trsut fail to constitute a claim upon which relief can be granted and thus, The Trust's negligent misrepresentation claim should be denied. The Court now addresses The Trust's claim for trespass to private property.

*C. Trespass to Private Property*

Defendants contend that The Trust again fail to provide any facts for their claim for trespass to private property. Plaintiffs offer no rebuttal. Under Texas law, trespass to real property occurs when a person enters another's land without consent. *Wilen v. Falkenstein*, 191 S.W.3d 791, 797 (Tex. App.—Fort Worth 2006, no pet.) To recover damages, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the

7

entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff. *Id.* at 798. Here, Defendants contend that The Trust does not allege facts showing that Gateway entered the Property. Rather, Defendants reference The Trust's complaint, in which it indicates that a notice asking the borrower to contact his mortgage servicer was placed on the entrance gate to the property. The Defendants further note for the Court that The Trust provides no allegation that the gate, fencing, sign, or other markings were breached. Finally, Defendants contend that The Trust has alleged no facts showing it suffered any injury from the alleged trespass. The Trust offers no rebuttal. The Court construes all *pro se* filings liberally. Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. Given the Texas Appellate Court's guidance that a plaintiff must prove the defendant physically entered the land and was injured as a result, the Court finds that The Trust's trespass claim should be dismissed. The Court now addresses The Trust's claims brought pursuant to the Texas Debt Collection Act ("TDCA").

*D. Texas Debt Collection Act Claims*

The Trust alleges two claims that fall under the TDCA. First, The Trust alleges Gateway engaged in deceptive debt practices because the errors in the loan documents allegedly created false debt obligations. Second, The Trust alleges that Gateway coerced payment by threatening to take away VA benefits. Under the

TDCA, a plaintiff must establish "(1) the debt at issue is a consumer debt; (2) Defendants were debt collectors within the meaning of the Act; (3) Defendants committed a wrongful act in violation of the Act; (4) the wrongful act was committed against [the plaintiff]; and (5) the wrongful act injured [the plaintiff]." *Griffin v. O'Brien, Wexler, and Associates, LLC*, 680 F. Supp. 3d 772, 785 (E.D. Tex. 2023). Defendants contend that advising a borrower of the legal consequences of a foreclosure on the property does not qualify as coercion or a threat under the TDCA. Defendants further contend that The Trust has failed to allege any facts to establish that Defendants committed a wrongful act, or that The Trust was injured as a result of such act. The Trust offers no rebuttal. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts provided by The Trust fail to constitute a claim upon which relief can be granted and thus, The Trust's claims brought pursuant to the TDCA should be denied. The Court now addresses The Trust's various claims under the Texas Constitution.

*E. Alleged Violations of the Texas Constitution*

The Trust also cites the Texas Constitution Article I, §§ 8, 17 and 19, asserting various claims for alleged identity theft, right to property, unlawful coercion, and freedom from private misconduct. Defendants contend that these claims are not legally recognized in the State of Texas and are not actionable against private actors

such as Gateway and Carrington. Defendants further contend that the Complaint, even liberally construed, alleges no state action, a requirement to bring claims pursuant to the Texas Bill of Rights. The Trust offers no rebuttal. Given The Trust's lack of facts to support their claims and the lack of any reference to a private cause of action necessary to substantiate their claims, the Court finds that The Trust's claims brought pursuant to the Texas Constitution should be dismissed. The Court now addresses The Trust's amended complaint.

*E. The Trust's First Amended Complaint*

On November 27, 2024, The Trust filed an amended complaint alleging a multitude of new claims.[3] The Trust contends that the filing of an amended complaint "renders Defendants' motion[s] to dismiss moot to the extent they are directed at prior versions."[4] Defendants contend that The Trust's amended pleading is unauthorized as The Trust did not obtain leave of court or consent from Defendants to file its amended complaint, as is required by the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading once as a matter of course" but, "in all other cases a party may amend its pleading only with the opposing party's written consent or the Court's leave."

---

[3] *Plaintiff's Amended Complaint*, Document No. 12.

[4] *Plaintiff's Reply to Defendants' Motion to Dismiss*, Document No. 11 at 2.

Defendants note for the Court that The Trust previously amended its complaint in state court on October 10, 2024.[5] Thus, because The Trust amended its complaint already, it has exhausted its right to amend its complaint as a matter of course. Considering The Trust failed to obtain leave of court or the Defendants' written consent to file its amended complaint, the Court finds that the filing is not properly before the Court and cannot render the Defendants' motions to dismiss as moot.

Based on the foregoing, the Court finds that each of the Defendants' motions to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Scott Gesell's Motion to Dismiss (Document No. 6) is **GRANTED**. The Court further

**ORDERS** that Defendant Gateway First Bank's Motion to Dismiss (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Defendant Carrington Mortgage Services, LLC's Motion to Dismiss (Document No. 8) is **GRANTED**. The Court further

**ORDERS** that Plaintiff The F.R.I. Ranch Living Trust's claims against all Defendants are **DISMISSED**.

---

[5] *See Plaintiff's Amended Complaint*, Document No. 1, Exhibit B-2 at 30.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 5 day of December, 2024.

                                              DAVID HITTNER
                                              United States District Judge